OPINION
{¶ 1} Defendant Anthony Hayes appeals from his convictions for possession of crack cocaine and trafficking in crack cocaine. Specifically, Hayes claims that the trial court should have granted his motion to suppress evidence seized from him. Concluding, as did the trial court, that the evidence did not warrant suppression, we will *Page 2 
affirm the decision of the trial court.
 I {¶ 2} On March 18, 2006 Dayton Police Narcotics Detective David House was conducting surveillance of a store on James H. McGee Blvd., in an area known to be high in crime and drug trade. He saw a car driven by Hayes's co-defendant, Paul Doseck, enter the store parking lot. Doseck used a pay phone to make a call that lasted less than one minute, after which he got back into his car. Detective House had seen many drug transactions predicated by a very brief phone call, so he contacted other units and followed Doseck, who proceeded to a nearby gas station. Detective House waited in an alley next to the gas station, where he could see the station's parking lot.
 {¶ 3} Doseck circled the lot, passing Hayes, who was parked at the rear of the station. Hayes immediately pulled out and followed Doseck. The two drove to the far side of the parking lot and parked next to one another. Detective House saw Doseck get out of his car and approach Hayes's car. Doseck leaned into the passenger window and appeared to exchange something with Hayes before promptly returning to his own car. Detective House could not see if anything actually changed hands during the five-second exchange, but based on his extensive experience, he believed that he had just witnessed a drug transaction. Detective House and other narcotics detectives approached the men to investigate.
 {¶ 4} As Detective House pulled into the parking lot, he saw Hayes get out of his car and walk toward Doseck's car. By the time the detective neared the cars, Hayes was getting back into his own car. Detective Sean Copley approached Hayes's *Page 3 
car and saw a clear plastic baggie of crack cocaine in the pocket of the open driver's side door. Hayes was then handcuffed by Copley, who then "passed him off to Detective Barrett and recovered the baggie from the molding." Detective Copley field tested the contents of the baggie and confirmed that it was crack cocaine. Hayes was apparently then formally placed under arrest.
 {¶ 5} Hayes's sister was a passenger in Hayes's car that day. She testified on her brother's behalf and claimed that after Detective Copley handcuffed Hayes, the detective removed the cocaine from the closed console between the front seats.
 {¶ 6} Hayes was indicted on one count of possession of crack cocaine and one count of trafficking in crack cocaine, both felonies of the second degree. Hayes filed a motion to suppress the cocaine seized from his car. The trial court overruled the motion. Hayes pled no contest to the charges against him and was sentenced to a two-year prison term. Hayes filed a timely notice of appeal.
 II {¶ 7} Hayes's assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS."
 {¶ 9} In his sole assignment of error, Hayes insists that the trial court should have granted his motion to suppress. When deciding a motion to suppress evidence, an appellate court is bound to accept the trial court's factual findings if they are supported by competent and credible evidence, and the appellate court must then independently determine as a matter of law if the minimum constitutional standard has been met.State v. Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141. *Page 4 
 {¶ 10} Hayes first argues that his motion to suppress should have been granted because the police did not have reasonable, articulable suspicion to approach and stop him. Moreover, the primary thrust of Hayes's claim is that because he was not free to leave when the detectives approached his car and handcuffed him, he was arrested without probable cause, and therefore the crack cocaine seized from his car was "fruit of the poisonous tree" requiring suppression. Under all of the circumstances of this case, the detectives, having a reasonable articulable suspicion to stop Hayes and seeing crack cocaine in plain view, had probable cause to arrest Hayes and seize the cocaine. Even a brief stop of a person by a police officer, which in any way constrains the person's freedom to leave, is a "seizure" governed by the Fourth Amendment's reasonableness standard. Terry v. Ohio (1968), 392 U.S. 1,20-21, 88 S.Ct. 1868. The Supreme Court held that a police officer may stop a person to investigate, without a warrant or probable cause to arrest, when the officer has a reasonable, articulable suspicion that specific criminal activity may be occurring. Id. at 21-22.
 {¶ 11} "The propriety of an investigative stop . . . must be viewed in light of the totality of the surrounding circumstances." State v.Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus. Those circumstances must be viewed "through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold", taking into account the officer's experience and training, and how the situation would have been viewed by any other officer on the street. State v. Andrews (1991), 57 Ohio St.3d 86, 87-88,565 N.E.2d 1271. The totality of the circumstances in this case warranted an investigative stop. *Page 5 
 {¶ 12} Detective House has extensive experience in the investigation of drug-related activities. He has conducted a significant amount of surveillance in the area in and around both the store where Doseck made his phone call and at the gas station where Doseck and Hayes met, and the area is one with a high rate of crime and illegal drug activity. On dozens of occasions, Detective House has witnessed behavior identical to that of Doseck and Hayes ( a very brief phone call from a public telephone, immediately after which the caller drives to a nearby location where he meets another driver with whom he has a very short hand-to-hand exchange.) On those prior occasions, his investigations led to the discovery of drugs and to the arrest of those involved. Although a series of events appear to be innocent when considered separately, when viewed together, they can warrant further investigation. UnitedStates v. Sokolow (1989), 490 U.S. 1, 9-10, 109 S.Ct. 1581. The totality of the circumstances in this case, viewed through the eyes of a reasonable and prudent police officer, provided a reasonable, articulable suspicion of criminal activity to justify an investigative stop of Hayes.
 {¶ 13} Hayes insists that despite a lack of probable cause, he was under arrest from the time that the officers approached his car because he was handcuffed and not free to leave. While we might wonder why Detective Copley found it necessary to immediately handcuff Hayes, at the time he did so he had probable cause to believe Hayes' car contained cocaine which justified both arresting Hayes and seizing the cocaine.
 {¶ 14} Having concluded that Detective House was justified in effecting an investigative stop of Hayes, we turn to the cocaine found in plain view in Hayes's car. *Page 6 
The plain view exception to the Fourth Amendment warrant requirement allows the warrantless seizure of evidence found in plain view if the officer was legally in a place from which the evidence could be seen and the incriminating character of the object was immediately apparent.State v. Waddy (1992), 63 Ohio St.3d 424, 442, 588 N.E.2d 809. Upon approaching Hayes's car, Detective Copley promptly saw what he immediately recognized to be a baggie of crack cocaine in the pocket of the open car door. At that point, he had probable cause to arrest Hayes and to seize the cocaine.
 III {¶ 15} For the foregoing reasons, we agree with the trial court's denial of Hayes's motion to suppress, and we will affirm the decision of the trial court.
 BROGAN, J. and DONOVAN, J., concur. *Page 1